IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-69,316-01






EX PARTE RYAN BRADLEY SHIELD, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. CR04-0333-01 IN THE 43RD DISTRICT COURT


FROM PARKER COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of attempted sexual
assault and sentenced to twenty (20) years' imprisonment. The Second Court of Appeals affirmed
his conviction. Shield v. State, No. 02-05-000098-CR, Tex. App.- Fort Worth, 2005, no pet.) (not
designated for publication.) 

 Applicant alleges that counsel rendered ineffective assistence because counsel labored under
an actual conflict of interest which affected specific instances of counsel's performance. 
Specifically, he alleges that counsel filed a motion to withdraw as counsel because he felt that he
could no longer represent Applicant because of a conflict of interest. He alleges that counsel refused
to introduce evidence beneficial to the defense, including a videotaped confession given by the
complaining witness. He alleges that counsel told that jury that Applicant was "a drunk animal
going after women." Applicant also alleges that his plea was involuntary because counsel told him
that if he did not plead guilty, he would get a life sentence. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Monreal v. State, 947 S.W.2d 559, 564 (Tex. Crim. App. 1997). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d) in that it shall order trial
counsel to file an affidavit responding to Applicant's allegations. Specifically, the affidavit shall
address: (1) whether counsel filed a motion to withdraw as Applicant's counsel and, if so, the
reasons counsel wanted to withdraw; (2) whether counsel believes there was a conflict of interest in
this case which adversely affected his representation of the Applicant's interests; (3) whether counsel
argued to the jury that Applicant "was a drunk animal going after women" and, if so, the strategic
reason for said argument; and (4) whether counsel advised Applicant that he would get a life
sentence unless he pleaded guilty. In the appropriate case, the trial court may rely on its personal
recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to Applicant's
claim that counsel labored under an actual conflict of interest. Specifically, the trial judge shall make
findings of fact as to whether an actual conflict of interest existed in this case and, if so, whether it
affected specific instances of counsel's performance. The trial court shall make findings of fact and
conclusions of law in regard to Applicant's claim that his plea was involuntary. Specifically, the trial
judge shall make findings of fact as to whether counsel told the Applicant that he would get a life
sentence unless he pleaded guilty. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims
for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: April 2, 2008

Do not publish